Turley J.,
delivered the opinion of the court.
The-proof shows in this case that on the 16th day of July, 1844, and before the dissolution of the firm of T. L. Pryor & Co., of which Hutchins, the plaintiff in error was a partner, anote was drawn by Nathaniel Gillespie for the sum of $506, payable to T. L. Pryor & Co., and endorsed by them, and at their request by L. P. Sims, and the same was discounted by the branch of the Bank of the State of Tennessee at Shelbyvillé for the benefit of T. L. Pryor & Co., that at its maturity, the note was discounted, and suit thereon was instituted in the circuit court of Franklin county, against Gillespie, the drawer and T. L. Pryor & Co., and L. P. Sims, the endorsers, that during the pendency of this suit to wit, on the 26th of April, 1845, a date subsequent to the dissolution of the firm of T. L. Pryor & Co., Gillespie executed a new note for the sum of $486, payable to T. L. Pryor & Co., which was endorsed in the name of the firm by T. L. Pryor, and also by L. P. Sims. This note was discounted by the bank in renewal of the one for $506, which was in suit, and the proceeds thereof applied to its payment, whereupon the suit was discontinued on the part of the bank. This note for $486, was at maturity dishonored and taken by L. P. Sims, the last endorser, who thereupon sues Pryor & Hutchins, the first endorsers.
Hutchins defends himself upon the ground that previous to the endorsement, the firm was dissolved, and that therefore Pryor had no right to bind him by the endorsement. To this Sims answers that as a previous dealer with the firm, he was entitled to actual notice of the dissolution of the firm, which he did not have, and that under the circumstances of this case, *425 he is at all events entitled to his action against Hutchins, inasmuch as the note he endorsed, and whichhe subsequently paid» went to the extinguishment of a/debt which was in suit and for which Hutchins was responsible.
There is ho error in the charge of the judge, and the question is whether the proof is sufficient to sustain the verdict and judgment. We think'it is; that it establishes the fact thatL. P. Sims was a dealer with the firm, previous to its dissolution, and as such was entitled to actual notice of the dissolution, and that though the proof of notice is stronger than in the casé of the Bank of the State vs. Hutchins, of the notice of the dissolution, yet that the jury might well find against it; at least, we cannot upon principles well established in this court, set aside the verdict upon the ground that it is not sustained by proof. And we furthermore think, that there is much force to say the least of it in the argument, that inasmuch as the last note was endorsed during the pendency of this suit against T.L. Pryor & Co. and others upon a claim for which Hutchins was responsible, and the money raised by the note went to the extinguishment of that claim. That he must have known of its execution and of its endorsement by T. L. Pryor in the name of the firm, and assented thereto, either expressly or impliedly, and therefore upon the whole, affirm the judgment unhesitatingly.